### In re HOUSE OF FASHION.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

#### No. 128.

BANKRUPTCY (§ 340*)—CLAIMS—EVIDENCE.

Evidence *held* to require a finding that the bankrupt, on taking over the assets and business of another concern, assumed and agreed to pay the debt of that concern to claimant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

Appeal from the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

In the matter of House of Fashion, bankrupt. From an order denying a petition of Bernard J. Ludwig, reducing his claim from $6,100 to $2,400, and expunging and rejecting the claim except to that amount, an appeal is taken. Reversed.

Olcott, Gruber, Bonynge & McManus, of New York City (D. W. Kahn and I. L. Ernst, both of New York City, of counsel), for appellant.

McLaughlin, Russell, Coe & Sprague, of New York City (F. C. McLaughlin, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The facts are somewhat involved, and it will not be necessary to recite them at length. The real controversy in the case is whether or not the bankrupt assumed the indebtedness of another corporation.

Prior to the organization of the House of Fashion and for some

time thereafter there was in existence a concern known as Blumenkrohn Company; both concerns were engaged in the same line of business. Siegfried Blumenkrohn was president of the House of Fashion, apparently the owner of a majority of its stock, and the person in charge of its business and affairs. He was also president and in sole control of the Blumenkrohn Company. The latter company proving unsuccessful, Blumenkrohn decided to turn over all its assets to the House of Fashion, which had a better location, and which he thought might have better success. There were creditors of the Blumenkrohn Company, among them Ludwig for the claim under discussion. Ludwig was applied to by Blumenkrohn to give his consent to the transfer of the assets, a transfer which, as the District Judge says, would deprive him of any lien on the assets of his original obligor. He consented to the transfer of part of them on June 1, and of the residue on August 1, 1911, and he contends that he gave this consent upon the assurance of Blumenkrohn, the sole representative of the House of Fashion, that it would assume and pay the debts of the Blumenkrohn Company. Both men testified. We think both witnesses were entirely honest, although their testimony is a little vague, as might be expected from laymen without any appreciation of legal questions. From this testimony Judge Hand reached the conclusion that Blumenkrohn made no promise on behalf of the House of Fashion, and that, as he says, "neither man seems to have so understood the transaction."

Upon the same testimony a majority of this court have reached the opposite conclusion. We understand Blumenkrohn to state expressly that he did tell Ludwig that the House of Fashion intended to assume the indebtedness; the context shows that his answers to the questions mean just that. The witness sometimes says "I," and sometimes "we," but it seems clear to us that in so doing he did not intend to indicate any legal distinction. Thus, in answer to the question whether he didn't tell Ludwig that the House of Fashion would assume "all of the Blumenkrohn indebtedness to him" (which evidently means the Blumenkrohn Company indebtedness), he replied, "I did intend to do so, but we really did not." The rest of the testimony shows that the phrase "we really did not" means only that the House of Fashion did not actually give Ludwig notes for all the indebtedness of the other company. The answer to the next question shows that he did at that time tell Ludwig of his intention.

Ludwig's testimony seems to us equally clear that it was the House of Fashion which took over the assets, which promised by Blumenkrohn, the person in sole control of it, to pay the debt.

The order is reversed.